**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERIC BRANDON ALMLY,

    Petitioner,

v.                                                                      CASE NO: 8:10-cv-1697-T-30-EAJ
                                                                         Crim. Case No: 8:08-cr-225-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 filed on July 30, 2010, Supplement to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 filed on September 28, 2010, the Government's Response filed on October 12, 2010, Petitioner's Traverse filed on November 30, 2010, the Government's Surreply filed on December 15, 2010, and Petitioner's Response to Surreply filed on January 4, 2011.

### Background

Petitioner, Eric Brandon Almly (hereinafter referred to as "Almly" or "Petitioner") pled guilty pursuant to a plea agreement to one count of transporting stolen laptops, computers, computer-related equipment, and other stolen goods valued over $5,000 in interstate commerce in violation of 18 U.S.C. § 2314. This Court accepted Almly's guilty plea and adjudged him guilty.

Based primarily on his extremely high likelihood of re-offending, Almly was sentenced to the statutory maximum of 10 years' imprisonment. This Court emphasized Almly's extensive criminal history, which began when he was 12 years old. The description of Almly's criminal history in his presentence report exceeds 12 pages and includes: two assault charges (before age 14), felony theft (age 14), assault (age 17), receiving stolen property (age 17), fourth degree burglary-aiding and abetting (age 17), misdemeanor stolen property and third degree burglary (age 18), theft (age 21), felony theft (age 21), two third-degree burglaries (age 21), gross misdemeanor financial transaction card fraud (age 23), and second-degree burglary (age 30). Further, Almly had multiple burglary, forgery, and theft charges pending in other jurisdictions at the time of his sentencing. In exceeding the advisory sentencing guidelines, this Court found that "[t]he only way to protect the public from Mr. Almly is to keep him in prison."

Almly appealed to the Eleventh Circuit, which affirmed his conviction and sentence, rejecting Almly's arguments that his sentence was procedurally and substantively unreasonable. It said that "Almly expressly waived his right to challenge the district court's calculation of his guidelines range in his plea agreement." United States v. Almly, 352 Fed. App'x 395, 398 (11th Cir. 2009). The Eleventh Circuit also determined that "Almly waived his right to challenge the calculation of his criminal history points by affirming at his sentencing hearing that the facts in his PSI were true and accurate and by implying that his earlier written objection to their calculation had been resolved." Id. And it concluded this Court adequately explained its variance from the guidelines range, Id., and its sentence was

substantively reasonable as it specifically discussed Almly's "extensive criminal history and the need to protect the public." Id. at 399.

On July 30, 2010, Almly filed this Section 2255 motion asserting eleven grounds of ineffective assistance of counsel, basically recasting his unreasonable sentence argument as ineffective counsel claims. On November 30, 2010, he filed a Traverse in which he withdrew Ground Three.

## **Waiver**

Title 28 U.S.C. § 2255 provides that a petitioner can seek collateral review to vacate and set aside the judgment if the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the prisoner's constitutional rights as to render the judgment vulnerable to collateral attack. However, in his plea agreement, Almly expressly waived his right to appeal or challenge his sentence collaterally on any ground other than three listed exceptions: "(a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . ." CR Dkt. #3.

At the change-of-plea hearing, the magistrate judge established that Almly understood the appeal waiver, and agreed to it knowingly and voluntarily. Almly's instant collateral challenge does not fall within any of the exceptions listed in the waiver.

Almly contends that the appeal waiver is unenforceable because the Government breached his plea agreement. He argues that the Eleventh Circuit, in his direct appeal, determined that a breach had occurred. However, Almly misconstrues the wording of the Eleventh Circuit. It did not, and this Court does not, find that there was any breach by the Government.

Almly explicitly waived the right to appeal his sentence collaterally on "the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines . . ." CR Dkt. #3. He also waived his argument in Ground Two concerning his criminal history score by affirming at sentencing the facts in the presentence report as true. Though Almly claims ineffective assistance of counsel in the instant motion, he is in fact challenging his sentence. Accordingly, Grounds Two through Seven, Ten, and Eleven are dismissed with prejudice.

Almly expressly waived "any defense he may have based upon venue . . ." CR Dkt. #3. Further, "a defendant waives an objection to venue by failing to raise it before trial." United States v. Greer, 440 F.3d 1267, 1271 (11th Cir. 2006). Thus, Grounds Eight and Nine are also dismissed with prejudice.

Though the Court determines that Almly waived Grounds 2 through 11 by plea agreement and by failing to timely assert them, by way of explanation to Petitioner that these claims would have failed regardless, the Court will explain the application of Strickland to each.

## Merits

Almly alleges a denial of his constitutional Sixth Amendment right to counsel. The standard to determine whether the right to effective assistance of counsel has been violated is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). Counsel is presumed competent to assist a defendant; the burden is on the petitioner to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648, 658 (1984). To vacate the conviction, the petitioner must show "by a preponderance of competent evidence," Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000), that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) Defendant was prejudiced by the deficient performance. Strickland, 466 U.S. 668 at 687, 694.

To satisfy the prejudice prong under Strickland, the accused must establish that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing in one." Id. at 697.

**Ground One:    Ineffective assistance of counsel for failure to raise Government's breach of Petitioner's agreement.**

Almly has not met his burden under either prong of Strickland of establishing that counsel was constitutionally ineffective for failing to raise the Government's alleged breach

of the plea agreement. This Court exceeded the sentencing guidelines because of Almly's criminal history and the extremely high likelihood that he would reoffend. The Government had conveyed its recommendation that the Court enter a sentence within the guidelines in the plea agreement, which was in the record before the Court, and was not required to verbally reiterate it at sentencing. Brown v. United States, 257 F. App'x 140, 144 (11th Cir. 2007). And, Almly has not shown that the sentence would have been different had the Government done so.

On direct appeal, the Eleventh Circuit plainly did not hold that the Government breached the agreement. It held that Almly failed to carry his burden of demonstrating prejudice under the third prong of the plain error analysis because "a mere possibility that Almly would have received a shorter sentence is not sufficient to establish prejudice." Almly, 352 Fed. App'x at 397. Similarly to the second prong of Strickland, this analysis almost always requires that the error involve a reasonable probability of a different result. United States v. Rodriguez, 398 F.3d 1291, 1299. Since the alleged error was nonprejudicial, trial counsel was not constitutionally ineffective for failing to object to it at sentencing. Gordon v. United States, 518 F.3d 1291, 1298 (11th Cir. 2008).

**Ground Two:** **Ineffective assistance of counsel for failing to object to the presentence report's criminal history score.**

Almly has not met his burden under the prejudice prong of Strickland of establishing that trial counsel was constitutionally ineffective for failing to object to the criminal history score of 16 points in the final presentence report. In his objections to the presentence report,

Almly argued that he had been arrested on the same day for his 1995 felony theft and third degree burglary and should receive only three points total for these convictions. The Government conceded this objection. But the final presentence report continued to apply three points each for his 1995 felony theft and third degree burglary convictions. Almly contends trial counsel was objectively unreasonable for failing to re-raise this objection at sentencing.

Almly has not shown that he was prejudiced by counsel's performance. Though the sentencing was pronounced on the same day for the two 1995 crimes, the presentence report shows different offense dates, different arrest dates, and different case numbers. Under USSG §4A1.2(a)(2), these should count as separate offenses. This objection, had it been made by counsel, would have had no merit.

Further, even if incorrectly given an additional three points (which this Court is not finding), it would only reduce Almly's score from a 16 to a 13 and would result in the same criminal history category VI. It would not have changed the guidelines.

And Almly's criminal history still shows a lifetime of serious infractions of the law, with the likelihood of him re-offending remaining extremely high. Thus, Almly has not carried his burden of establishing that there is a reasonable probability that his sentence would have been different but for trial counsel's alleged error.

**Ground Four:** **Ineffective assistance of trial counsel for failing to request a downward departure pursuant to USSG §§5G1.3 or 5K2.23**

Almly has not met his burden under either prong of Strickland for his claim that trial counsel was deficient for failing to request credit under USSG §5G1.3 for his California imprisonment. Section 5G1.3 only applies to defendants who are subject to an undischarged term of imprisonment. Almly was not. Thus, counsel's failure to request a downward variance under Section 5G1.3 was not unreasonable, nor did it result in prejudice.

Section 5K2.23 provides authority for a discretionary downward variance if a defendant has completed serving a term of imprisonment which resulted from another offense that is both (1) relevant conduct to the instant offense and (2) was the basis for an increase in the offense level for the instant offense. It also states that "any departure should be fashioned to achieve a reasonable punishment for the instant offense."

Though Almly was assessed no criminal history points for the California offense, the stolen checks totaling $46,485 were included in the total monetary loss. PSR ¶36. Thus, Section 5K2.23 may provide a basis for a downward variance. At sentencing, Almly stated he felt like he was being prosecuted twice for the California crimes for which he had already served his sentence. CR Dkt. #46. But rather than vary downward, this Court chose to vary upward due to the exceedingly high risk of Almly re-offending. Almly has not carried his burden under the prejudice prong of Strickland of establishing that this Court would have given him anything less than the statutory maximum sentence.

**Grounds 10 and 11:**     Ineffective assistance of appellate counsel for failing to request a downward departure pursuant to USSG §§5G1.3 or 5K2.23.

Almly claims that appellate counsel was ineffective for not contesting this Court's failure to apply USSG §§5K2.23 or 5G1.3 to credit Almly for time previously served in Arizona and California state custody. The standards set forth in Strickland also govern claims of ineffective assistance of appellate counsel. As stated above, Section 5G1.3 does not apply as Almly was not subject to an undischarged term of imprisonment. Appellate counsel would have been unsuccessful raising this issue on appeal. Thus, counsel's failure to do so was not objectively unreasonable, nor did it result in prejudice.

Almly was not assessed criminal history points for the Arizona or California convictions. However, the $30,200 loss from the theft of laptop computers in Arizona and the $46,485 from the stolen checks in California were included in the total monetary loss calculation. Regardless, just as trial counsel was not ineffective for failing to request downward departure under Section 5K2.23, neither was appellate counsel. This Court exceeded the sentencing guidelines and gave the statutory maximum because of Almly's extremely high likelihood of re-offending. For example, Almly was transferred to Arizona custody when he was released from his California sentence. After Almly's charges in Arizona were dismissed because of transportation problems caused by the local sheriff's office, he wasted no time in re-offending. Two weeks later, in Colorado, he stole 13 laptop computers valued at $24,800.

Almly has failed to carry his burden under the prejudice prong of <u>Strickland</u> that appellate counsel was ineffective for not contesting this Court's failure to apply Section 5K2.23.

**<u>Ground Five:</u>** **Ineffective assistance of trial counsel for failing to object to sentence enhancement based on USSG §§2B1.1(b)(10).**

Almly asserts that trial counsel was ineffective for failing to object to the miswording of Section 2B1.1(b)(10)(B) in the presentence report. The presentence report applies a two level enhancement for the possession or use of any unauthorized or counterfeit access device. Almly claims the author of the report changed the wording of Section 2B1.1(b)(10), which proscribes a two level enhancement for the production or trafficking of any unauthorized or counterfeit access device, to render it applicable to his case.

At sentencing, counsel objected to a two level enhancement for the production of an unauthorized counterfeit access device. The Court overruled that objection stating that "it doesn't matter if [his paypal account]'s in his name or someone else's name. If he uses these electronic devices to even initiate the transfer of funds, it comes under this category." CR Dkt. #46. Objectively, counsel was not ineffective for failing to then object to the wording in the presentence report. Nor would it have made a difference, because as stated above, this Court's exceeded the guidelines because of Almly's extremely high likelihood of re-offending. Thus, Almly has failed to carry his burden under either prong of <u>Strickland</u>.

**Grounds Six and Seven:** Ineffective assistance of appellate counsel for failing to object to sentence enhancement based on USSG §§2B1.1(b)(9) and (10).

Almly claims appellate counsel was ineffective for failing to challenge that his sentence was improperly enhanced based on USSG §§2B1.1(b)(9) and (10). As stated above, the application of Section 2.B1.1(b)(10) did not prejudice Almly, so he fails to establish the second prong of Strickland. Nor was appellate counsel's decision to not address the enhancements under Sections 2.B1.1(b)(9) and (10) on appeal objectively unreasonable. Appellate counsel chose to pursue claims he felt were most likely to prevail, namely that the Government breached the plea agreement and the Court acted unreasonably by sentencing Almly to the statutory maximum.

Trial counsel's objection at sentencing to the two-level enhancement for relocating a fraudulent scheme to avoid detection was overruled, and this Court stated: "I find that Mr. Almly moved from state to state to try to evade law enforcement and continue his scheme of burglary and theft." CR Dkt. #46. Almly has not overcome the strong presumption that appellate counsel's performance was reasonable. "Raising every single frivolous point on appeal is not a sign of effective counsel and 'often has the effect of diluting the import of stronger points.'" Bolender v. Singletary, 16 F.3d 1547, 1576 (11th Cir. 1990) (quoting Atkins v. Dugger, 541 So.2d 1165, 1167 (Fla. 1989)).

Finally, for the same reasons stated above in connection with Section 2.B1.1(b)(10), appellate counsel's failure to address the enhancements under Section 2.B1.1(b)(9) did not prejudice Almly.

**Grounds Eight and Nine: Ineffective assistance of counsel for failing to advise that a possible venue defense was available.**

Almly's claim regarding venue fails to satisfy either prong of <u>Strickland</u>. In the factual section of his plea agreement, Almly agreed that part of his offense involved "enter[ing] into the headquarters of Outback Steakhouse" in Tampa, FL, which is in this District. CR Dkt. #3. Also, the presentence report states that Almly stole laptops from the Outback Steakhouse headquarters in Tampa, FL. At sentencing Almly admitted that the facts in the presentence report were true and accurate. Even if he hadn't made these admissions, a witness from Outback testified at Almly's sentencing that Almly had stolen laptops from Outback's corporate offices in Tampa. Venue was appropriate in the Middle District of Florida. <u>United States v. Davis</u>, 666 F.2d 195, 199-200 (5th Cir. Unit B 1982). As venue was proper, counsel's performance was not deficient and Almly has not shown that the result of the proceeding would have been different had counsel advised of a "venue defense."

By advising Almly to plead guilty, his counsel limited his exposure on the crimes he committed. Had he not pled guilty, Almly could have been charged with multiple counts of mail fraud, each carrying twice the statutory maximum sentence for his interstate transportation of stolen property.

## Conclusion

Petitioner waived Grounds Two through Eleven. As to Ground One, as well as all other Grounds, Petitioner was given the statutory maximum sentence to protect the public from his high likelihood to re-offend. He has not carried his burden under <u>Strickland</u> to show

prejudice – that is, that this Court would have given him anything less than the statutory maximum regardless of what his attorneys did.

It is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#57, in the underlying criminal case, case number 8:08-cr-225-T-30EAJ.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on May 18, 2011.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2010\10-cv-1697.deny 2255.wpd